# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SHARON TOOMBS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. 3:10-cv-54 |
| | ) |
| BSN, INC., and BIO-ENGINEERED | ) |
| SUPPLEMENTS & NUTRITION, INC. | ) |
| | ) |
|    Defendant. | ) |

## INITIAL CASE MANAGEMENT ORDER

The parties, pursuant to this Court's order of January 19, 2010, submit their Proposed Initial Case Management order.

### I. JURISDICTION

Jurisdiction is conferred upon the Court by 28 U.S.C. §§ 1331, 1343 and 1367, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq, as amended.

### II. PLEADINGS

The defendant, Bio-Engineered Supplements & Nutrition, Inc. was served on March 23, 2010 with plaintiffs' complaint pursuant to Fed. R. Civ. P. 4(d). Plaintiff also served BSN, Inc., but now believes this service to have been in error and intends to file a voluntary dismissal against defendant BSN, Inc.

### III. SUMMARY OF PLAINTIFFS' THEORY

Plaintiff argues that she was a valued team member whose job performance constitutes promotion and that she would have received such promotion if not for the interference and machinations of co-workers and/or superiors that discriminated against her on the basis of race.

Plaintiff contends that she was subjected to a racially hostile work environment, that the racism was severe and persistent, and that this discrimination was a tolerated custom and/or policy of the Defendant, as evidenced by the inaction of Plaintiff's superiors when confronted with racist comments and discrimination in the workplace. Plaintiff contends that she was denied a promotion because of her race, that she was ultimately terminated as a result of race discrimination, and that any other reason given for her termination is merely pretext.

## IV. SUMMARY OF DEFENDANT'S THEORY

Defendant documented valid performance problems with Plaintiff, and because the performance problems persisted, Defendant reasonably terminated Plaintiff's employment. During the course of her employment, Defendant has no record of Plaintiff ever complaining about any discrimination/retaliation against her or anyone else, nor any record of a complaint about of any kind of hostile/discriminatory work environment. After her termination, Plaintiff for the first time alleged discrimination with the EEOC and this lawsuit followed. Defendant believes Plaintiff was upset with her employment termination but that no law was violated by Defendant.

## V. ISSUES

A. <u>Resolved:</u>

1. Jurisdiction and venue for federal claims are not at issue in this case.

B. <u>Unresolved:</u>

{FB013372 /}

1. Whether Plaintiff was subjected to a hostile work environment in contravention of her Title VII rights.

2. Whether Plaintiff suffered any disparate treatment by Defendant as a result of her race.

3. Whether Plaintiff endured any retaliatory treatment by Defendant as a result of her race.

4. Whether Defendant's actions violated Plaintiff's rights under the Tennessee Human Rights Act.

5. The amount of compensatory and punitive damages, if any, to which plaintiff is entitled.

## VI.   DISCOVERY

A.   <u>Mandatory Initial Disclosures</u>

The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before June 15, 2010.

B.   <u>Discovery</u>

The parties shall complete all written discovery and depose all fact witnesses on or before December 15, 2010. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

C.   <u>Motions to Amend</u>

The parties shall file all motions to amend on or before September 15, 2010.

D.   Dispositive Motions

The parties shall file all dispositive motions on or before March 30, 2011. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

E.   Disclosure of Expert Witnesses

The plaintiff shall identify and disclose all expert witnesses and expert reports on or before November 30, 2010.

The defendant shall identify and disclose all expert witnesses and reports on or before December 30, 2010.

F.   Depositions of Expert Witnesses

The parties shall depose all expert witnesses on or before January 30, 2011.

G.   Joint Mediation Report

The parties shall file a joint mediation report on or before February 15, 2011.

H.   Electronic Discovery

The parties will reach agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.   Estimated Trial Time

The parties expect the trial to last approximately 3 days.

## IX.   TRIAL

It is so **ORDERED**

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

__/s/ Allen Woods_____
Allen Woods
Law Offices of Woods and Woods
PO Box 128498
Nashville, TN 37212
(615) 321-1426
*Attorney for Plaintiffs*

__/s/ Will Hawkins_____
Will Hawkins
Jones Hawkins & Farmer, PLC
150 4th Avenue North, Suite 1820
Nashville, TN 37219
615-726-0050
*Attorney for Defendants*